Plaintiff, a former attorney with the Department of the Army, seeks back pay alleging that he abandoned his position on November 9, 1967 in protest over the demands of his supervisor that he submit to psychiatric evaluation. He was placed on sick leave which expired in May 1968 and was then placed in a leave without pay status. Plaintiff’s employing agency 'filed an application for disability retirement of plaintiff with the Civil Service Commission, but before his retirement could be executed, plaintiff submitted his resignation effective January 31, 1969 and he was separated as of that date. In May 1969 plaintiff’s wife filed a total disability retirement application on behalf of her husband, which was approved, the annuity to be effective as of May 29, 1968. Plaintiff in November 1969 advised the Civil Service Commission that the annuity was a mistake but the Commission advised plaintiff that there was no basis for a change. Plaintiff did not prosecute an appeal from this determination and the annuity is still in effect. This case comes before the court on plaintiff’s motion and defendant’s cross-motion for summary judgment. Upon consideration thereof, together with the opposition thereto, without oral argument, the court concludes that plaintiff has failed to exhaust his administrative remedy (i.e. he has not sought review by the Civil Service Commission Board of Appeals and Review). On May 28,1971, the court denied plaintiff’s motion, granted defendant’s motion, and dismissed the petition without prejudice.